## Case No. 10,022.

NASH v. The THEBES.

[12 Hunt. Mer. Mag. 82.]

District Court, D. Massachusetts.   Sept., 1844.

PILOTAGE—RIGHT TO FEES UNDER MASSACHUSETTS STATUTE—VESSELS PASSING THROUGH HARBORS.

[1. Under the Massachusetts statute regulating the pilotage of vessels (Rev. St. c. 32, §§ 15–22), and the regulations made by the commissioners thereunder, a pilot of Boston Harbor, who tenders his services to vessels bound for Lynn or Dorchester, which reject the same, is not entitled to the pilotage fee, although such vessels must necessarily pass through parts of Boston Harbor, it appearing that they would not stop therein, and that if the pilot's services were accepted, he would leave the vessel while under way, and before she was moored.]

[2. The regulations made by the commissioners pursuant to the statute are of the same force as if they had been incorporated into it.]

[3. It is not the mere clearance for a port, but being actually bound into it, that imposes on a vessel the obligation to pay a pilot.]

This was the case of a libel by Nash, a duly-commissioned pilot for the port of Boston, against the schooner Thebes. It appeared that the libellant hailed the schooner Thebes, a foreign vessel, bound from Digby to Lynn, outside the line drawn from Harding's Rocks to the Outward Graves, and from thence to Nahant Head, and offered his services as a Boston pilot, which were refused because she was bound to Lynn. He subsequently twice spoke the same vessel outside the same line, when bound from Digby to Dorchester, and offered his services as a Boston pilot, which were refused because she was bound to Dorchester. Lynn and Dorchester have respectively harbors, not within the harbor of Boston; but, in order to reach them, it is necessary to pass some distance within the line above described; and it was testified by an experienced Boston pilot that he considered Boston Harbor to extend to that line, because it was named in the statute and regulations respecting pilotage, and that a Boston pilot on board a vessel bound to Lynn would leave her at a point some distance within that line, called the northwest head of Lynn, and, if bound to Dorchester, at a point some distance within that line, near Thompson's island. The libellant claimed full fees as a Boston pilot, for the several times his services were tendered.

SPRAGUE, District Judge. In the case of Com. v. Ricketson, 5 Metc. [Mass.] 412, it was held that the 11th section of the 32d chapter of the Revised Statutes of Massachusetts applied to the port of Boston; and that a pilot whose services are refused, when duly tendered to a vessel bound into that port, is entitled to full fees. It is agreed that the words "port" and "harbor," as used in the act, are synonymous. Was this vessel bound into the port or harbor of Boston, within the meaning of the law, so as to entitle the libellant to his stated fees as a pilot? The stat-

ute has neither prescribed the fees, nor defined the duties of pilots for the harbor of Boston, but has left that to be done by certain commissioners, who are authorized to appoint and commission pilots, and to make regulations respecting pilotage. Rev. St. c. 32, §§ 15–22. The commissioners have established the fee to be paid for piloting a vessel like the Thebes into the harbor of Boston, and one of the regulations is as follows: "It shall be the duty of every pilot, after having brought a vessel into the harbor of Boston, to have such vessel properly moored in the stream, or secured to a wharf, at the option of the master, within twenty-four hours after the arrival of said vessel, if the weather permits, without extra charge." Regulations, No. 8. The duty to be performed is entire, and the fee prescribed supposes the performance of the whole duty, including that of securing the vessel to a wharf, or mooring her in a place of safety. These regulations made pursuant to the statute, are of the same force as if they had been incorporated into it; and they do not contemplate a case in which only a part of the service can be performed within the harbor of Boston, and where it must be completed in another port. In the present case, if the track of the Thebes, in going to Lynn and Dorchester, would be over waters which may, for any purpose, be deemed within the limits of Boston Harbor, it does not appear that there was any anchorage or any place used as a harbor for repose or security, or where a vessel could be moored in safety, in any part of such track. And it is proved that she would pass beyond the limits of Boston Harbor before she could be moored or secured in the port to which she was bound; and if she had taken the libellant on board, he would have left her while still under way to her port of destination, and she must have sought another pilot for the residue of the voyage. Suppose a Lynn pilot, duly commissioned by the governor, under the statute, should take charge of a vessel bound to Lynn, outside the line from Harding's Rocks to the Outward Graves, and thence to Nahant Head, the construction contended for by the libellant would compel the master to pay a Boston pilot also, and that, too, for the service of perhaps but a moment; for if it be said that, within the strict letter, a vessel is bound into Boston Harbor if she be about to cross any of its waters, it may also be said that she is bound out of that harbor the instant she enters it, and the services of a Boston pilot would no longer be required for the purpose of bringing her into it. Another result of that construction would be, that a Lynn pilot, who should merely conduct a vessel from sea, directly to his own port, would incur the penalty imposed by the 23d section of the statute for piloting a vessel into Boston Harbor. Such construction is not required either by the language of the act, or its general scope and policy, and ought not, I think, to be adopted. The Thebes was cleared for

Boston, but was in fair truth bound to Lynn and Dorchester respectively, and actually proceeded directly to those ports. It is usual at Digby to clear for Boston, although bound to those other ports, and there is no sufficient ground to presume that any fraud or evasion was intended. It is not the being cleared for a port, but being actually bound into it, that imposes on a vessel the obligation to pay a pilot. Libel dismissed, with costs.